## J. M. LUCKEY v. THE STATE.

Where an indictment charged that the defendants without authority of law did issue certain "bills" intended to circulate as money and set out copies thereof, from which it appeared that the bills were drawn for "one dollar in currency," made payable to bearer "when twenty dollars are presented," and accepted by the drawee; it was held that the instruments were properly termed bills, and if improperly designated, as they were copied in the indictment, it was an immaterial error.

In such an indictment, the bills were alleged to have been engraved, but in point of fact they were printed: *held*, that it was not error to admit the bills in evidence, and that the allegation that they were engraved, was unimportant and might be stricken out as surplusage.

On a trial for issuing bills intended to circulate as money, the fact that such bills were redeemable in Confederate notes does not repel the intention manifested in issuing them, that they should circulate as money; nor does the fact that they were not regarded by the community as of equal value with gold and silver as a circulating medium, tend to show that the party issuing them did not violate the law.

In such a case, if it be shown that such bills were issued and were used, with the knowledge of the party issuing them, by the community as a circulating medium in place of money; such facts will authorize a verdict against him.

APPEAL from Parker. Tried below before the Hon. J. M. Ferris.

Indictment for issuing bills intended to circulate as money in violation of article 400 of the Penal Code. The indictment charged that the defendants, J. M. Luckey, (the appellant in this case,) and F. M. Bates, without authority of law, issued engraved and written bills intended to circulate as money, and set out copies of a number of bills, one of which is as follows, to-wit:

"Mr. J. M. Luckey: Pay to bearer one dollar in currency, when twenty dollars are presented.

Weatherford, Texas, Feb. 24, 1862. F. M. BATES."

"J. M. Luckey" was written across the face of the bill.

The other bills were executed in like manner—some varying as to amount.

Motion to quash overruled, and plea of not guilty was entered.

Luckey v. The State.

Verdict and judgment against both defendants. J. M. Luckey appealed. Bates did not join in the appeal.

Witnesses for the State testified, that they had received from the defendants bills or papers of the description of those copied in the indictment, with the exception that those received from the defendants were marked with the letter A, were numbered and had on each the dollar mark with the amount of the bill in figures near each upper corner. They also testified that these bills circulated freely through the community and were received in change and in purchases—that defendants paid them out on deposits of Confederate notes and redeemed them with the same—that these bills were not received as gold and silver but in lieu of Confederate notes and State Treasury warrants—that defendants were cognizant of the manner in which these bills were used—that the bills were printed and not engraved.

The defendants objected to the reading of the bills in evidence on the ground that the bills offered in evidence were shown to have been printed, whereas, in the indictment, they were alleged to have been engraved. The objection was overruled and the defendants excepted.

The court charged the jury : " that every man is presumed to intend the consequences of his own acts, and if it appears from the evidence, that the bills executed by the defendants circulated with the people as money, and the defendants knew that they were so used, and acquiesced in it, it is presumed that they issued them for that purpose and intended them to circulate as money."

*D. O. Norton*, for appellant.

*Attorney-General*, for appellee, cited Keeble v. Black, 4 Tex., 69.

MOORE, J. The paper alleged to have been issued by the appellant to circulate as money, was not inappropriately termed in the indictment " bills." They have most of the characteristics of bills in their strict legal sense. And although payable in Confederate currency, they were evidently intended by appellant as bills

to circulate as money, and were so considered and regarded by the community, according to the usual acceptation and meaning of the word in common language. (Penal Code, art. 28; Code Crim. Procedure, art. 49.) But if the instruments were improperly called bills, it was an immaterial error, as they were copied in the indictment. The appellant was not therefore in any manner misled by their being thus designated.

The court did not err in admitting the bills in evidence because it was shown that they were printed and not engraved. Whether they were engraved or printed, did not enter as an ingredient into the offence, which appellant was charged in the indictment to have committed. But this allegation in the indictment was intended merely as an additional description of the instruments alleged to have been illegally issued. They were otherwise fully and accurately described. And as it is evident, that appellant was in no manner misled or injured by the inaccuracy in this additional and unimportant ingredient of the description of the instruments, it was very properly held by the court as altogether immaterial. This allegation in the indictment might be stricken out of it as surplusage, without in any manner affecting its validity.

Nor does the fact that these notes or bills were redeemable in the bills or notes of the Confederate States, repel the intention manifested by appellant in issuing them, that they should circulate as money. The charge of the court very clearly and correctly indicated to the jury the character of facts, from which they were authorized to conclude, that it was the intention of the appellant in issuing the bills in question, that they should circulate as money. And as the law had been sufficiently and correctly charged, there was no error in refusing to give the additional instruction asked by appellant. The facts fully authorized the verdict. It was clearly shown that the bills were issued by appellant, and were used with his knowledge by the community, as a circulating medium in place of money. It is only in bargaining and selling, and as a medium of exchange that money can be said to circulate; and in just this manner, the facts show that these bills issued by appellant were circulated. And from their very nature and character it is evident they were intended for no other

purpose, and were susceptible of no other use. That they were not regarded by the community as of equal value as a circulating medium with gold and silver, in no way tends to show that appellant did not violate the law in issuing them, but goes strongly to show the necessity for the protection of the community against the evil of such a currency. There is no error in the judgment, and it is therefore affirmed.

Judgment affirmed.